IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLIAM G. SCOTT, #110780**                                                                 **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 3:07-cv-174-DPJ-JCS**

**ALLEN WHITE, ELENOR FAYE PETERSON,**
**PHILIP WEINBERG, TOM FORTNER and**
**MICHAEL KNAPP**                                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Scott is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the South Mississippi Correctional Institution, Leakesville, Mississippi, who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Allen White, City of Jackson Police Detective; Elenor Faye Peterson, District Attorney for Hinds County; Philip Weinberg, Assistant District Attorney for Hinds County; Tom Fortner, Public Defender for Hinds County; and Michael Knapp, Assistant Public Defender for Hinds County. Upon liberal review of the complaint and response, the Court has reached the following conclusions.

### Background

The Plaintiff was convicted of capital murder by the Circuit Court of the First Judicial District of Hinds County, Mississippi. As a result, the Plaintiff was sentenced to life imprisonment on March 31, 2005. The Plaintiff's direct appeal of his conviction and

sentence is currently pending before the Mississippi Court of Appeals, cause number 2005-KA-00915-COA.

The Plaintiff complains that he was denied a fair trial because he was not permitted to view and utilize a security videotape involved in his case.  The Plaintiff states that the investigation into a crime that occurred at the "Cash Depot" led City of Jackson police officers next door, to the Amoco gas station, where a security videotape was recovered.  Plaintiff claims that this tape was crucial to his criminal case because it would place two people, and not Plaintiff, at the crime scene before the victim's death.   Plaintiff alleges that defendants White, Peterson and Weinberg violated his constitutional rights by not allowing him access to this evidence.  He further alleges that defendants Fortner and Knapp violated his constitutional rights by not retrieving this evidence for use in his trial.  As relief in this action, the Plaintiff requests that he be awarded compensatory and punitive damages.

## Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court.  Section 1915(e)(2), provides  that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827,

1833, 104 L. Ed. 2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); *and Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

The Plaintiff's claims are precluded by the United States Supreme Court case of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 2372 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in the Plaintiff's favor and determine that his constitutional rights were violated by the Defendants failure to produce the videotape as evidence, it would necessarily imply the invalidity of his current sentence and imprisonment.  In addition, the Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372.[1]  Therefore, the Court has determined that the Plaintiff's claims are barred by *Heck*, at this time.  As such, this Complaint will be dismissed.

Even though the Plaintiff's Complaint is being dismissed for failing to meet the requirements set forth in *Heck*, the United States Court of Appeals for the Fifth Circuit has held that "it remains appropriate for district courts to consider the possible applicability of absolute immunity . . . as a threshold matter in making a § 1915(d) determination." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'"  *Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)).

Absolute immunity extends to prosecutors who are performing prosecutorial acts. *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976).  "[I]mmunity is

---

[1] The Court's order [7] entered June 5, 2007, specifically directed the Plaintiff to state if the complained of conviction and/or sentence had been invalidated by any of these means.

Case 3:07-cv-00174-DPJ-JCS Document 10 Filed 07/09/07 Page 5 of 6

justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988). The Plaintiff does not provide any facts to establish that defendants Peterson and Weinberg were performing acts other than those directly related to prosecuting the criminal case against the Plaintiff. Therefore, Defendants Peterson and Weinberg are entitled to absolute immunity from this suit. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (citations omitted) (prosecutorial immunity is broad and has been found to apply even if the prosecutor is accused of knowingly using perjured testimony, malicious prosecution or conspiracy).

## Conclusion

As discussed above, the Plaintiff's claims are barred by *Heck v. Humphrey* and defendants Peterson and Weinberg are entitled to absolute immunity from this suit. As such, this action will be dismissed, with prejudice,[2] pursuant to 28 U.S.C. § 1915(e)(2)(i) and (ii).

Since this case is dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[3] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

---

[2] *See Boyd v. Biggers*, 31 F.3d 279, 285, claims covered by prosecutor's absolute immunity are properly dismissed with prejudice as frivolous; and claims barred by *Heck* are properly dismissed with prejudice "until the Heck conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[3] 28 U.S.C. § 1915(g) states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 9th day of July, 2007.

                                                s/Daniel P. Jordan III
                                                UNITED STATES DISTRICT JUDGE